Marcus R. Mumford (12737)
MUMFORD PC
405 South Main Street, Suite 975
Salt lake City, UT  84111
Telephone:  (801) 428-2000
mrm@mumfordpc.com
*Attorneys for Garth O. Green Enterprises, Inc.,
Michael Green, Garth O. Green and Wendy Green*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy No. 15-24513 |
|---|---|
| GRASS VALLEY HOLDINGS, L.P., | (Chapter 11) |
| Debtor. | The Honorable R. Kimball Mosier |

**SUPPLEMENTAL MEMORANDUM REGARDING
THE BANKRUPTCY COURT'S LACK OF JURISDICTION
TO ESTIMATE CLAIMS WITHDRAWN BY THE DISTRICT COURT**

Pursuant to this Court's request at the hearing on October 13, 2015, Garth O. Green Enterprises, Inc. (hereinafter "**Green Enterprises**") submits this supplemental memorandum of points and authorities regarding the Bankruptcy Court's lack of subject matter jurisdiction to estimate the amount of Green Enterprises' claim against Grass Valley Holdings, L.P. (the "**Debtor**") which is based upon the adversary proceeding withdrawn for cause to the United States District Court by The Honorable David Nuffer.

**I. BACKGROUND STATEMENT.**

The United States District Court (the "**District Court**") has original subject matter jurisdiction over all bankruptcy cases and proceedings arising in or arising under Title 11 of the

United States Code. *See* 28 U.S.C. § 1334(a)-(b). Pursuant to 28 USC § 157(a), the District Court may refer to the Bankruptcy Court "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." *Id*. The District Court for the District of Utah has a standing order of automatic referral of all bankruptcy cases and proceedings. The Local Rules provide:

> Under 28 U.S.C. § 157(a), unless a rule or order of this court expressly provides otherwise, any and all cases under Title 11 and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for the District of Utah for consideration and resolution consistent with the law.

*See* DUCivR 83-7.1.

Pursuant to 28 U.S.C. § 157(d), the District Court may withdraw the automatic reference of a bankruptcy case or proceeding, meaning that the case or proceeding for which the reference is withdrawn is transferred back to the District Court. The Local Rules provide that "[u]pon the entry of an order granting a Withdrawal Motion, the applicable proceeding or contested matter shall be deemed transferred to the district court." Local Rule DUCivR 83-7.4(e)(3).

On August 3, 2015, Green Enterprises, Michael Green and Wendy Green filed a *Motion for Withdrawal of Reference to the United States District Court* (the "**Motion to Withdraw**") with this Court in adversary proceeding No. 15-02141 (the "**Adversary Proceeding**"). Green Enterprises, Michael Green and Wendy Green also filed an application for transmittal and corresponding order of transmittal with the Bankruptcy Court.

The application for transmittal was granted and an order of transmittal was signed by the Bankruptcy Court. On August 4, 2015, the Bankruptcy Court transmitted Green Enterprises' Motion to Withdraw the automatic reference of the Adversary Proceeding to the District Court

and Case No. 2:15-cv-556-DN was opened by the District Court Clerk.

On September 21, 2015, the District Court granted the Motion to Withdraw, and the District Court entered its order withdrawing the Bankruptcy Court's jurisdiction over the Adversary Proceeding. (*See* Dkt. No. 10 in Case No. 2:15-cv-556-DN, a copy of which is attached as **Exhibit 1**). The Adversary Proceeding is the entire basis for the Proof of Claim filed by Green Enterprises with the Bankruptcy Court.

The Debtor is seeking have the Bankruptcy Court estimate the claims of Green Enterprises against the Debtor as alleged in the Adversary Proceeding pursuant to the 11 U.S.C. § 502(c)(1)-(2) (the "**Estimation Motion**"). Green Enterprises opposes any estimation of its claims alleged in the Adversary Proceeding against the Debtor for various grounds including the Bankruptcy Court's lack of subject matter jurisdiction over the claims alleged in the Adversary Proceeding which constitute Green Enterprises' Proof of Claim.

At a hearing on October 13, 2015, this Court expressed its concern that the Bankruptcy Court lacks subject matter jurisdiction to adjudicate the claims alleged by Green Enterprises against the Debtor in the Adversary Proceeding, which was the sole and identical grounds supporting Green Enterprises' Proof of Claim. The Debtor argued that the Bankruptcy Court did not lack jurisdiction to address interwoven equitable claims pertaining to notices of *lis pendens* recorded against the Debtor's real property. Green Enterprises submits this supplemental memorandum in support of its position that the Bankruptcy Court lacks subject matter jurisdiction to adjudicate legal and related equitable claims pertaining to the Adversary Proceeding which was withdrawn by the District Court. The law appears well established that, once the District Court withdraws the reference of a bankruptcy case or proceeding to the

District Court, the Bankruptcy Court no longer has jurisdiction over the case or proceeding, and it may not attempt to adjudicate any part of the legal or equitable claims associated with the Adversary Proceeding.

## II. ONCE THE AUTOMATIC REFERENCE OF A BANKRUPTCY PROCEEDING HAS BEEN WITHDRAWN, THE BANKRUPTCY COURT HAS NO JURISDICTION OVER THE ADVERSARY PROCEEDING OR THE CLAIMS ASSERTED THEREIN.

The United States Judicial Code makes it clear that the District Court has original and exclusive jurisdiction over all bankruptcy cases under the Bankruptcy Court. 28 U.S.C. § 1334(a). The grant of jurisdiction is subject to the provisions of 28 U.S.C. § 1334(b), which provides that the District Court has original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11. Pursuant to 28 U.S.C. § 157(b), and subject to the United States Supreme Court's interpretation of bankruptcy jurisdiction, the District Court may refer all cases and proceedings to judges for the United States Bankruptcy Court. *Id*. Section 11 U.S.C. 157(d) further provides that the District Court has the power to withdraw any case or proceeding back to the District Court. *Id*. Accordingly, the jurisdiction of the Bankruptcy Court over cases and proceedings is based solely and exclusively on the reference of those cases and proceedings to the Bankruptcy Court by the District Court. As such, when the District Court exercises its power to withdraw the reference of a bankruptcy case or adversary proceeding, the Bankruptcy Court is divested of any further jurisdiction over the withdrawn case or proceeding as a matter of law. Case law supports this conclusion.

For example, in *In re National Gypsum Co*., 134 B.R. 188 (N.D. Tex. 1991), the district court granted a motion brought by the United States government to withdraw the reference with respect to CERCLA claims it was pursuing against the debtor on behalf of the EPA and DOI. *Id*.

4

at 193-194. After the debtor filed a motion to estimate those claims in the case, the United States moved to withdraw the reference from the bankruptcy court. *Id.* at 190-91.[1] In response, the debtor suggested that even though the district court withdrew the reference, the bankruptcy court should bifurcate the claim estimation and classification phases of the litigation from the liability phase on grounds that those estimation and classification phases involved issues "purely" of bankruptcy law and should remain with the bankruptcy court. *Id.* at 190-91. The district court rejected that position stating, in part, as follows:

> [T]he Court rejects Debtors' claim that estimation and classification phases of the Proof of Claim involve "purely" bankruptcy law, and thus should remain at the bankruptcy court. Apart from the fact that the Debtors cite to no precedent where such an incision has proved to be practical in bankruptcy cases involving CERCLA, the Court in *Exxon* expressly rejected such a possibility,
>
>> Even if the bankruptcy court considered [the district court's] liability finding to be *res judicata*, his determination as to the amount of damages and the availability of affirmative defenses has yet to be made. These questions are likely to require further interpretation of CERCLA ….. Resolution of these and other questions … would likely require a withdrawal from the bankruptcy court to the district court under 28 U.S.C. § 157(d).

*Id*. at 193 (quoting *New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2nd Cir. 1991)). The district court in *In re National Gypsum* pointed out that it would be improper for the bankruptcy court to estimate claims, even in the amount to be determined by the district court, because the reference should be withdrawn. *In re National Gypsum*, 134 B.R. at 193. The district court rejected the debtor's arguments that "the interests of 'uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors'

---

[1]The issue addressed in *In re National Gypsum* is essentially identical to the issue raised here because the withdrawal of the Adversary Proceeding to the District Court covers the exact same

resources, and judicial economy'" would be enhanced if the bankruptcy court retained jurisdiction over the estimation and classification phases of the litigation. *Id*. The reasoning of *In re National Gypsum* applies to the Adversary Proceeding withdrawn by the District Court in this case.[2] Indeed, the holding in *In re National Gypsum* rejects the arguments made by the Debtor Grass Valley that notwithstanding the District Court's withdrawal of the reference of the Adversary Proceeding, the Bankruptcy Court should estimate the claim of Green Enterprises as part of an expeditious reorganization.

Similarly, in *In re Merrillville Surgery Center* 474 B.R. 618 (Bankr. N.D. Ind. 2012), the Bankruptcy Court for the Northern District of Indiana addressed this issue in light of the United States Supreme Court's decision in *Stern* and arrived at a more forceful conclusion as to whether the Bankruptcy Court retains any form of jurisdiction once an adversary proceeding has been withdrawn by the District Court. In *In re Merrillville Surgery Center*, the bankruptcy court recommended that the district court withdraw the reference regarding an adversary proceeding alleging fraudulent transfer claims because the defendant was entitled to a jury trial. *Id.* at 625. The bankruptcy court in that case rejected the "suggestion" made by the trustee "that if the reference is withdrawn, this court should still perform all pretrial functions in the case, in essence packaging the case to the District Court for trial." *Id.* at 624. In reaching its conclusion, the bankruptcy court explained that "[i]n this court's view, **withdrawal of reference means all matters involved in the case are withdrawn to the District Court, leaving the United States**

---

claims that are set forth in Green Enterprises' proof of claim filed with the Bankruptcy Court.
[2]In contrast, in *In re Merrimac Paper*, the court held that mere pendency of motion to withdraw reference in district court did not divest bankruptcy court of jurisdiction over proceeding. *In re Merrimac Paper Co., Inc.*, 317 B.R. 215 (D. Mass. 2004), *reversed*, 420 F.3d 53 (1st Cir. 2005).

**Bankruptcy Court with no further authority with respect to the case whatsoever**." *Id.* (emphasis added).

The bankruptcy court's analysis in *In re Merrillville Surgery Center* suggests at least four reasons why this Court should reach the same conclusion that it lacks jurisdiction to address any of the claims alleged in the Adversary Proceeding whether for estimation or other purposes.

First, the bankruptcy court raised the practical implications of trying to parse such a ruling: "[A]s [the defendant] Methodist notes, there may well be issues as to the manner of determination of a motion to dismiss, summary judgment [sic] motions, or perhaps any matter which involves the issuance of an appealable order – which argue against any involvement by this court." *Id.*

Second, the bankruptcy court analyzed the language of 28 U.S.C. § 157 in concluding that its continued jurisdiction would be improper. The bankruptcy court stated:

> But more importantly, in this court's view, withdrawal of reference means all matters involved in the case are withdrawn to the District Court, leaving the United States Bankruptcy Court with no further authority with respect to the case whatsoever. Either the United States Bankruptcy Court has at minimum the recommendatory authority provided by 28 U.S.C. § 157(c)(1) concerning final case disposition, or it has no authority whatsoever to deal further with anything in the case.

*Id.*

Third, the bankruptcy court applied the language from 28 U.S.C. § 151 and determined that a bankruptcy court is as a unit of the district court. The bankruptcy court concluded:

> 28 U.S.C. § 151 states that bankruptcy judges constitute a "unit of the district court"; the focus of that phrase is unit, not adjunct—i.e., the United States Bankruptcy Court is a separately administered court and not a court which serves a function parallel to United States Magistrate Judges with respect to cases exclusively in the District Court.

7

*Id.*

Finally, the bankruptcy court found support for its conclusion in *Stern v. Marshall*, 564 U.S. __, 131 S. Ct. 2594, 2618 (2011), where the United States Supreme Court concluded as follows:

> Vickie additionally argues that the Bankruptcy Court's final judgment was constitutional because bankruptcy courts under the 1984 Act are properly deemed "adjuncts" of the district courts. We rejected a similar argument in *Northern Pipeline*, *see* [*Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*], 458 U.S. [50,] 84-86 (1982) (plurality opinion); *id.*, at 91 (Rehnquist, J., concurring in judgment), and our reasoning there holds true today.
>
> To begin, as explained above, it is still the bankruptcy court itself that exercises the essential attributes of judicial power over a matter such as Vickie's counterclaim. The new bankruptcy courts, like the old, do not "ma[k]e only specialized, narrowly confined factual determinations regarding a particularized area of law" or engage in "statutorily channeled factfinding functions." *Northern Pipeline*, 458 U.S. at 85 (plurality opinion). Instead, bankruptcy courts under the 1984 Act resolve "[a]ll matters of fact and law in whatever domains of the law to which" the parties' counterclaims might lead. *Id.* at 91 (Rehnquist, J., concurring in judgment).
>
> In addition, whereas the adjunct agency in *Crowell v. Benson* [285 U.S. 22 (1932)] "possessed only a limited power to issue compensation orders … [that] could be enforced only by order of the district court," *Northern Pipeline*, [458 U.S.] at 85, a bankruptcy court resolving a counterclaim under 28 U.S.C. § 157(b)(2)(C) has the power to enter "appropriate orders and judgments" – including final judgments – subject to review only if a party chooses to appeal, *see* §§ 157(b)(1), 158(a)-(b). It is thus no less the case here than it was in *Northern Pipeline* that "[t]he authority – and the responsibility – to make an informed, final determination … remains with" the bankruptcy judge, not the district court. 458 U.S. at 81 (plurality opinion) (internal quotation marks omitted). <u>Given that authority, a bankruptcy court can no more be deemed a mere "adjunct" of the district court than a district court can be deemed such an "adjunct" of the court of appeals</u>. We certainly cannot accept the dissent's notion that judges who have the power to enter final, binding orders are the "functional[]" equivalent of "law clerks[] and the Judiciary's administrative officials." And even were we wrong in this regard, that would only confirm that such judges should not be in the business of entering final judgments in the first place.

8

*In re Merrillville Surgery Ctr.*, 474 B.R. at 624-25 (quoting *Stern*, 564 U.S. __, 131 S. Ct. at 2618-19) (emphasis in original).

The bankruptcy court in *In re Merrillville Surgery Center* concluded its recommendation that it retained no jurisdiction once there had been a withdrawal of the reference stating: "[b]ecause of my view as to lack of any continuing authority of the United States Bankruptcy Court to perform any function in a case in which reference has been withdrawn, I will go so far as to state that if I were to be directed by the District Court to perform a Magistrate Judge-like role in a withdrawn case, I would respectfully decline to do so." *Id*. at 625.

Based on the foregoing, the district court for the Northern District of Indiana adopted the bankruptcy court's conclusion above and stated: "[t]he Court agrees that once the withdrawal becomes effective, the Bankruptcy Court would not have further authority over the case." *In re Merrillville Surgery Ctr., LLC*, No. 2:12-CV-253-TLS, 2012 WL 3732855, at *4 (N.D. Ind. Aug. 28, 2012), a copy of which is attached hereto as **Exhibit 2**. In that same ruling, an issue developed when the district court raised a question as to when the withdrawal should become effective, and asked the parties and the bankruptcy court to supplement the record on that issue. *Id.* at *6.[3] Thereafter, the bankruptcy court issued a supplemental recommendation, pointing out how any ruling to "defer" an "order of withdrawal of the reference" would leave the bankruptcy court without "clear direction" and present the issue that the defendant in that case raised under *Stern*. *In re Merrillville Surgery Ctr., LLC*, No. 2:12-CV-253-TLS, Doc. #3, Slip Op. at *1-*3

---

[3] "In light of the sparse information pertaining to these factors or any others that the Court should consider when deciding when to effectuate the withdrawal, the Court WITHHOLDS RULING on the Defendant's Motion to Withdraw the Reference [ECF No. 1], and GRANTS the parties and the Bankruptcy Court until October 22, 2012, to supplement the District Court's record." *In*

9

(N.D. Ind. October 19, 2012), a copy of which is hereto as **Exhibit 3**. To avoid that question, the bankruptcy court concluded that the district court should "now enter an order withdrawing the reference … and to then stand by its stated determination that[,] upon entry of that order, any authority of this court to be involved in the adversary proceeding terminates," reiterating how "[i]t is only in this manner that confrontation of the *Stern v. Marshall* issue can be avoided, and the federal courts' statutory and constitutional jurisdiction can be clearly established in this case." *Id*. at *4-*5.

Because The Honorable David Nuffer has already signed and entered an order in the District Court action withdrawing the reference of the Adversary Proceeding, the issue presented here is simpler than the issue addressed in *In re National Gypsum* and *In re Merrillville Surgery Center*. In sum, because an order withdrawing the reference of the Adversary Proceeding has been signed and entered by the District Court, this Court lacks any "further authority with respect to the case whatsoever" and should deny the Estimation Motion on that basis. *See In re Merrillville Surgery Center*, 474 B.R. at 624.

### III. THE BANKRUPTCY COURT ALSO LACKS JURISDICTION TO ADJUDICATE INTERWOVEN EQUITABLE CLAIMS ONCE THE REFERENCE OF THE ADVERSARY PROCEEDING WAS WITHDRAWN

At the October 13th hearing, the Debtor argued that because the Adversary Proceeding contained mixed legal and equitable claims this Court had the power to consider and adjudicate the equitable claims. But that argument is contrary to well-settled law concluding that when a right to a jury trial has been demanded on legal claims that are intermixed with equitable claims, the court must take whatever action is necessary to preserve the party's right to a jury trial. This

---

*re Merrillville Surgery Ctr.*, 2012 WL 3732855, at *6 (attached as **Exhibit 2**).

was explained in *Big Dog Motorcycles, L.L.C. v. Big Dog Holdings, Inc*., 400 F. Supp. 2d 1273, 1276 (D. Kan. 2005):

> The holding of the seminal Supreme Court case of *Beacon Theatres v. Westover,* 359 U.S. 500 (1958), is that "when legal and equitable claims *are joined in the same action,* the trial judge has only limited discretion in determining the sequence of the trial and 'that discretion ... must, wherever possible, be exercised to preserve jury trial.'" *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 334 (1979) (quoting *Beacon Theatres,* 359 U.S. at 510). The Tenth Circuit has likewise stated that "when a plaintiff brings both legal and equitable claims *in the same action,* the Seventh Amendment right to jury trial on the legal claims must be preserved by trying those claims first (or at least simultaneously with the equitable claims), and the jury's findings on any common questions of fact must be applied when the court decides the equitable claims." *Colorado Visionary Academy v. Medtronic, Inc.,* 397 F.3d 867, 875 (10th Cir. 2005).

*Id*. (emphasis in original). As another federal court concluded:

> The constitutional right to a jury trial must be preserved when the litigation involves legal and equitable claims with common issues. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 472-73 (1962) (citing *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510-11 (1959)). "[T]he normal practice is to try both claims to a jury. In this way, the jury's verdict will conclusively settle these common issues, and only issues peculiar to the equitable claim will be left to be decided by the judge." *Brownlee v. Yellow Freight Sys., Inc.,* 921 F.2d 745, 749 (8th Cir. 1990).

*Smith Flooring, Inc. v. Pennsylvania Lumbermens Mut. Ins. Co.*, 713 F.3d 933, 937 (8th Cir. 2013).

Here, the District Court settled the question raised by this Court at the October 13th hearing when it entered its order on September 21, 2015, withdrawing the reference of the Adversary Proceeding. At that point, all of the claims asserted in the Adversary Proceeding were "deemed transferred" to the District Court, Local Rule DUCivR 83-7.4(e)(3), meaning that all legal and equitable claims asserted in the Adversary Proceeding must be addressed by the District Court. *See Big Dog Motorcycles*, 400 F. Supp. 2d at 1276; *Smith Flooring*, 713 F.3d at 937. Any adjudication or estimation by this Court of any interwoven legal or equitable claim

asserted in that matter would deprive Green Enterprises of its right to a jury trial which has been preserved by the District Court. Accordingly, this Court lacks subject jurisdiction to address any legal or equitable claims involved in the Adversary Proceeding as a matter of law.

## CONCLUSION

For the foregoing reasons, and those set forth in Green Enterprises' prior memorandum, the Debtor's Estimation Motion should be denied as a matter of law.

DATED this 30th day of October, 2015.

        MUMFORD PC

        */s/ Marcus R. Mumford*
        Attorneys for Garth O. Green Enterprises, Inc.,
        Michael Green, Garth O. Green, and Wendy Green