**This order is SIGNED.**





**Dated: September 1, 2017**

**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**

*PREPARED AND SUBMITTED BY:*

Gary E. Jubber, A1758
Douglas J. Payne, A4113
FABIAN VANCOTT
215 South State Street
Suite 1200
Salt Lake City, Utah 84111
Telephone: (801) 531-8900
Fax: (801) 596-2814

*Attorneys for Debtor-in-possession*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>GRASS VALLEY HOLDINGS, L.P.<br><br>Debtor. | Bankruptcy No. 15-24513<br><br>(Chapter 11)<br><br>**FINDINGS OF FACT AND**<br>**CONCLUSIONS OF LAW** |

The hearing on confirmation of the Debtor's Amended Plan of Reorganization, dated

July 17, 2017 [Docket 286] (the "**Amended Plan**") filed by Debtor Grass Valley Holdings, L.P.

(the "**Debtor**") was held before the Honorable R. Kimball Mosier on August 31, 2017 at 10:00

a.m.  Douglas J. Payne of Fabian VanCott appeared on behalf of the Debtor.  J. Scott Brown of

Cohne Kinghorn PC appeared on behalf of Central Bank.  Laurie A. Cayton appeared on behalf

of the United States Trustee.  The Bankruptcy Court, having considered the matters before,

including the Amended Plan, the Ballot Tabulation Register, and the proffered testimony of

Randall T. Harward, and good cause appearing, hereby makes the following Findings of Fact

and Conclusions of Law:[1]

1.      Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157 (b)(2) and

1334(a)). This Court has jurisdiction over the Bankruptcy Case pursuant to 28 U.S.C. §§ 157

and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the

Amended Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive

jurisdiction to determine whether the Amended Plan complies with the applicable provisions of

the Bankruptcy Code and should be confirmed.

2.      Judicial Notice. This Court takes judicial notice of the docket of the Bankruptcy

Case maintained by the Bankruptcy Court, including, without limitation, all pleadings and other

documents filed, all orders entered, and the transcripts of, and all minute entries on the docket

indicating the evidence and arguments made, proffered or adduced at, the hearings held before

the Court during the pendency of the Bankruptcy Case.

3.      Transmittal and Mailing of Materials; Notice. All due, adequate, and sufficient

notices of the Disclosure Statement, the Amended Plan, and the Confirmation Hearing, along

with all deadlines for voting on, or filing objections to, the Amended Plan, have been given to

all known holders of Claims and/or Equity Interests in accordance with the Bankruptcy Rules

and the procedures set forth in the Disclosure Statement Order. The Disclosure Statement, Plan,

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as
findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

Ballots and Confirmation Notice were transmitted and served in substantial compliance with the

Bankruptcy Rules and the Solicitation Procedures Order, and such transmittal and service were

adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing was given

in compliance with the Bankruptcy Rules and the Disclosure Statement Order, and no other or

further notice is or shall be required.

4.      Solicitation. The solicitation of votes for acceptance or rejection of the Amended

Plan complied with Bankruptcy Code §§ 1125 and 1126, Fed. R. Bankr. P. 3017 and 3018, the

Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code, and all

other rules, laws, and regulations. Based on the record before the Court in this Bankruptcy Case,

the Debtor its partners, officers, employees, members, managers, and attorneys, have acted in

"good faith" the meaning of Bankruptcy Code § 1125, and are entitled to the protections

afforded by Bankruptcy Code § 1125(e).

5.      Distribution. All procedures used to distribute the solicitation materials to the

applicable holders of Claims and Equity Interests, and to tabulate the Ballots were fair and

conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the

Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and

regulations.

6.      Plan Complies with Bankruptcy Code (11 U.S.C. 1129(a)(1)). The Amended

Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying

Bankruptcy Code § 1129(a)(1).

i.      Proper Classification (11 U.S.C. §§ 1122, 1123 (a)(1)). The Claims or Equity

Interests placed in each Class are substantially similar to other Claims or Equity Interests in

each such Class. The Amended Plan properly classifies Claims and Interests. In addition to

Administrative Expense Claims and Priority Tax Claims, which are not classified under the

Amended Plan, the Amended Plan designates twelve Classes of Claims and one Class of

Equity Interests. Article III of the Amended Plan provides for the separate classification of

Claims and Interests into thirteen distinct Classes based on differences in their legal nature

or priority:[2] Valid business, factual, and legal reasons exist for separately classifying the

various Classes of Claims and Equity Interests created under the Amended Plan, and such

Classes do not unfairly discriminate between holders of Claims or Equity Interests. Thus,

the Amended Plan satisfies Bankruptcy Code §§ 1122 and 1123(a)(1).

    ii.    Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2)). The Amended Plan

specifies Classes 3-A, 3-B, 3-C, 4 and 9 as not impaired and, thus, Bankruptcy Code §

1123(a)(2) is satisfied.

    iii.    Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Classes 2, 5, 7

and 8 each voted to accept the Amended Plan, and Classes 1-A, 1-B, 1-C, 2, 5, 6, 7 and 8

are designated as impaired under the Amended Plan. Article IV of the Amended Plan

specifies the treatment of impaired Claims and Equity Interests, thereby satisfying

Bankruptcy Code § 1123(a)(3).

    iv.    No Discrimination (11 U.S.C. § 1123(a)(4)). The Amended Plan provides for the

same treatment for each Claim and Equity Interest in each respective Class unless the holder

---

[2] In accordance with Bankruptcy Code § 1123(a)(1), Administrative Expense Claims and Priority Tax
Claims have not been classified.

of a particular Claim or Equity Interest has agreed to less favorable treatment with respect to such Claim or Interest, thereby satisfying Bankruptcy Code § 1123(a)(4).

v.    Implementation of Plan (11 U.S.C. § 1123(a)(5)). The Amended Plan provides adequate and proper means for implementation of the Amended Plan, thereby satisfying Bankruptcy Code § 1123(a)(5).

vi.    Required Corporate Charter Provisions (11 U.S.C. § 1123(a)(6)). This provision does not apply because the Debtor is a limited partnership, not a corporation.

vii.    Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)). The Amended Plan contains no provision inconsistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officers, directors or trustees of the Debtor, satisfying the requirements of Bankruptcy Code § 1123(a)(7).

viii.    Additional Plan Provisions (11 U.S.C. § 1123(b)). The Amended Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions for the assumption of executory contracts and unexpired leases.

ix.    Fed. R. Bankr. P. 3016(a). The Amended Plan is dated and identifies the entity submitting it, thereby satisfying Fed. R. Bankr. P. 3016(a).

7.    The Debtor Has Complied with Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(2).

i.    The Debtor is a proper proponent of the Amended Plan under Bankruptcy Code § 1121(c).

ii.    The Debtor has complied with the applicable provisions of the Bankruptcy Code.

5

iii.    The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and other orders of the Court in transmitting the Amended Plan, the Amended Disclosure Statement, the Ballots and related documents and notices, and in soliciting and tabulating votes on the Amended Plan.

8.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtor proposed the Amended Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code § 1129(a)(3). In determining that the Amended Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Amended Plan. The Debtor proposed the Amended Plan with the legitimate and honest purposes of, among other things, reaching a fair, equitable, and expeditious resolution of the complex business and legal issues presented by this Bankruptcy Case.

9.    Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made under the Amended Plan for services or for costs and expenses in or in connection with the Bankruptcy Case, including all fees and expenses incurred by Professionals, or in connection with the Amended Plan and incident to the Bankruptcy Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code § 1129(a)(4).

10.    Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). The identity and affiliations of the Debtor's general partner has been disclosed. The service and compensation of the person who will manage the Debtor post-confirmation has been disclosed and is consistent with the interests of the holders of Claims and Equity Interests and with public policy.

Therefore, the Debtor has complied with Bankruptcy Code § 1129(a)(5).

11.      No Rate Changes (11 U.S.C. § 1129(a)(6)). Bankruptcy Code § 1129(a)(6) is

satisfied because the Amended Plan does not provide for any change in rates over which a

governmental regulatory commission has jurisdiction.

12.      Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7)). The Amended Plan

satisfies Bankruptcy Code § 1129(a)(7) because each Class of Claims that is impaired and

entitled to vote under the Amended Plan voted to accept the Amended Plan or is deemed to

have accepted the Amended Plan.

13.      Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Classes 2, 5, 7 and 8

each voted to accept the Amended Plan, and Classes 1-A, 1-B, 1-C and 6 are deemed to have

accepted the Amended Plan, thereby satisfying Bankruptcy Code § 1129(a)(8).

14.      Treatment of Administrative Expense Claims and Priority Tax Claims (11U.S.C.

§ 1129(a)(9)). The Amended Plan satisfies the requirements of Bankruptcy Code §1129(a)(9)

because, except to the extent the holder of a particular Claim has agreed to a different treatment

of such Claim, the Amended Plan provides that Administrative Expense Claims pursuant to

Bankruptcy Code § 507(a)(1) and Priority Claims pursuant to Bankruptcy Code § 507(a)(2)

through § 507(a)(8), shall be treated in accordance with the provisions of Bankruptcy Code §

1129(a)(9).

15.      Acceptance by at Least One Impaired Class (11 U.S.C. § 1129(a)(10)). Classes

2, 5, 7 and 8 of the impaired Classes of Claims have voted to accept the Amended Plan, and

Classes 1-A, 1-B, 1-C and 6 are deemed to have accepted the Amended Plan, and the

acceptance of at least one of such accepting impaired Classes has been determined without

7

including the votes of any Insiders, thus satisfying Bankruptcy Code § 1129(a)(10).

16.     Feasibility (11 U.S.C. § 1129(a)(11)). The Amended Plan is feasible and is not

likely to be followed by a liquidation or further financial reorganization. The Debtor has

presented credible and persuasive evidence that it will be able to make all payments required to

be made under the Amended Plan, and will otherwise be able to satisfy all of its obligations

under the Amended Plan.

17.     Payment of Fees (11 U.S.C. § 1129(a)(12)). All fees payable under 28 U.S.C. §

1930 have been paid or will be paid on or before the Effective Date pursuant to Section 2.2(b)

of the Amended Plan, thereby satisfying Bankruptcy Code § 1129(a)(12).

18.     Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). Because the Debtor

has no retiree benefits, this provision does not apply.

19.     Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b)). Bankruptcy

Code § 1129(b) is inapplicable to the Amended Plan because each impaired Class has voted to

accept or is deemed to have accepted the Amended Plan.

20.     No Other Plan (11 U.S.C. § 1129(c)). No other Chapter 11 plan has been filed in

connection with the Bankruptcy Case.

21.     Principal Purpose of Plan (11 U.S.C. § 1129(d)). The principal purpose of the

Amended Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of

the Securities Act of 1933 (15 U.S.C. § 77e). Therefore, the Amended Plan satisfies the

requirements of Bankruptcy Code § 1129(d).

22.     In summary, the Amended Plan complies with and the Debtor has satisfied all

applicable confirmation requirements and the Amended Plan will be confirmed upon entry of

the separate Confirmation Order.

**[END OF DOCUMENT]**


Approved as to form:

/s/ J. Scott Brown
J. Scott Brown
COHNE KINGHORN, PC
*Attorneys for Central Bank*


/s/ Laurie A. Cayton
Laurie A. Cayton
Office of the United States Trustee

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing *FINDINGS OF FACT AND CONCLUSIONS OF LAW* should be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that counsel for following parties of record in this case as identified below, are registered CM/ECF users and should be served notice of entry of the foregoing Order through the CM/ECF system:

Jeffrey M Armington    armington.jeff@dorsey.com,
asmus.natasha@dorsey.com;ventrello.ashley@dorsey.com
P. Bruce Badger    bbadger@fabianvancott.com, aclark@fabianvancott.com
Ryan R. Beckstrom    rbeckstrom@kmclaw.com
J. Scott Brown    sbrown@cohnekinghorn.com, mcerutti@cohnekinghorn.com
James T Burton    jburton@kmclaw.com, hmills@kmclaw.com
Steven W. Call    scall@rqn.com, docket@rqn.com;etito@rqn.com
Tom Cook    lundbergecfmail@lundbergfirm.com, ecfmaildistgroup@lundbergfirm.com
Tim Dance    tdance@swlaw.com,
docket_slc@swlaw.com;snielsen@swlaw.com;bhatch@swlaw.com
Adam C. Dunn    acdunn@dunnfirm.com
Clifford V. Dunn    cvdunn@dunnfirm.com
Aaron R. Harris    aharris@djplaw.com, dwoodbury@djplaw.com
Gary E. Jubber    gjubber@fabianvancott.com,
mparks@fabianvancott.com;mdewitt@fabianvancott.com
Brian R. Langford    brian@mhmlawoffices.com, brian@mhmlawoffice.com
Steven J. McCardell    smccardell@djplaw.com, khughes@djplaw.com
Mark S. Middlemas    LundbergECFmail@Lundbergfirm.com,
ecfmaildistgroup@lundbergfirm.com
Elaine A. Monson    emonson@rqn.com, docket@rqn.com;pbrown@rqn.com
John T. Morgan tr    john.t.morgan@usdoj.gov,
James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
Marcus R. Mumford    mrm@mumfordpc.com,
jen@mumfordpc.com,amanda@mumfordpc.com
Dianne Orcutt    dianneo@utahcounty.gov, pauljo@utahcounty.gov
Joshua S. Ostler    jso@mumfordpc.com, jsostler@gmail.com;jen@mumfordpc.com
Douglas J. Payne    dpayne@fabianvancott.com, mdewitt@fabianvancott.com
Judson T. Pitts    judsonpitts@hotmail.com
Evan A. Schmutz    eschmutz@djplaw.com, kaltamirano@djplaw.com
United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
Steven T. Waterman    waterman.steven@dorsey.com,
bingham.karen@dorsey.com;ventrello.ashley@dorsey.com

**By U.S. Mail**:  In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served pursuant to Fed. R. Civ. P. 5(b):

Stan C. Craft
Valbridge Property Advisors
Free and Associates, Inc.
1100 East 6600 South, Suite 201
Salt Lake City, UT 84121

Daniel L. Donaldson
825 East 1180 South Ste 300
American Fork, UT 84003

KW Commercial
841 North 900 West
Orem, UT 84057

Paul T. Musser
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693

Shane D. Wood
Squire & Company P.C.
1329 South 800 East
Orem, UT 84097


/s/ Douglas J. Payne_____


4850-2489-7358, v. 1