Gary E. Jubber, A1758
Douglas J. Payne, A4113
P. Bruce Badger, A4791
FABIAN VANCOTT
215 South State Street
Suite 1200
Salt Lake City, Utah  84111
Telephone: (801) 531-8900
Fax: (801) 596-2814
*Attorneys for the Reorganized Debtor*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>GRASS VALLEY HOLDINGS, LP<br><br>Debtor. | Bankruptcy No.  15-24513<br><br>(Chapter 11)<br><br>**MOTION FOR ENTRY OF FINAL DECREE AND ORDER CLOSING CASE** |

Grass Valley Holdings, LP (the "**Reorganized Debtor**"), through its counsel Fabian VanCott, hereby moves the Court for entry of a final decree and an order closing this case.  In support of this Motion, the Debtor states as follows:

1.  The Court has jurisdiction respecting the Motion and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334.

2.  The Motion presents a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

3.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The legal predicates for the relief sought in the Motion are 11 U.S.C. § 350 and Rule 3022 of the Federal Rules of Bankruptcy Procedure.

5. Debtor Grass Valley Holdings, L.P. filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in this Court on May 15, 2015j.

6. Debtor Grass Valley Holdings, L.P. filed its *Debtor's Amended Plan of Reorganization, dated July 17, 2017* [Docket 286] (the "**Plan**") on July 18, 2017.

7. On September 1, 2017 [Docket No. 307], the Court entered an *Order Confirming Debtor's Amended Plan of Reorganization*.

8. On September 25, 2017, the Reorganized Debtor provided notice to all parties on the mailing matrix in this case that the "**Effective Date**" (as defined under the Plan) occurred on September 18, 2017.

9. Fed. R. Bankr. P. 3022, which implements Bankruptcy Code § 350, provides: "After an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

10. The advisory committee note to Rule 3022 is instructive. *See In re Union Home and Industrial, Inc.,* 375 B.R. 912, 916 (10th Cir. BAP 2007) (relying in large part on advisory committee note to determine whether entry of final decree is appropriate). The advisory committee note states in part:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.
>
> The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. . . .

11. The order confirming the Plan in this case became final on September 18, 2017.

12. The Plan does not require any "deposits."

13. Other the vesting of all assets of the Debtor in the Reorganized Debtor, which occurred on the Effective Date, the Plan did not contemplate any transfers of property.

14. The Reorganized Debtor has assumed the business of the Debtor and the management of all of the Debtor's property and affairs.

15. Payments under the Plan have commenced. The Reorganized Debtor paid in full all of the allowed claims in Classes 1-A, 1-B. 1-C, 2 and 6 on the Effective Date in accordance with the Plan.

16. All motions, contested matters, and adversary proceedings have been finally resolved except the following:

(a) The *Fifth and Final Verified Application for Allowance of Compensation and Reimbursement of Expenses by Fabian VanCott, Counsel for Debtor,* which is set for hearing on October 10, 2017;

(b) The *Final Application of Durham Jones & Pinegar for Interim Compensation and Reimbursement Pursuant to 11 U.S.C. §§330 and 331 as Special Counsel for the Debtor for the Period February 1, 2017 through August 31, 2017,* which is set for hearing on October 10, 2017; and

(c) A lawsuit involving a cross-claim Standard Plumbing Supply Company, Inc. ("**Standard Plumbing**") asserted against the Debtor is currently pending in the United States District Court for the District of Utah as 2:15-cv-00556-DN.[1] Under paragraph 4.9(b) of the Plan, the District Court will liquidate the amount of the Debtor's liability, if any, under the cross-claim, and Standard Plumbing shall be paid up to $10,000 of the amount of its claim as an Allowed Claim within six (6) month of the claim becoming an Allowed Claim through adjudication or through agreement between Standard Plumbing and the Debtor.

---

[1] The lawsuit was originally filed by Green Enterprises, Inc. in the Fourth District Court for Utah County, Utah as Case No. 130400184, and was removed to the bankruptcy court after the Debtor's bankruptcy filing. The District Court subsequently withdrew the reference of the lawsuit. The claims of the plaintiffs against the Debtor were dismissed pursuant to a bankruptcy court-approved settlement.

17. The Reorganized Debtor has the ability to pay the professional fees represented by the pending fee applications upon the fees being approved by the Court and the ability to meet the other payment obligations under the Plan.

18. The Plan has been substantially consummated within the meaning of 11 U.S.C. § 1101(2).

19. Bankruptcy courts "are charged with reviewing each request for entry of a final decree 'on a case-by-case basis and analyz[ing] the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an estate has been fully administered.'" *In re Union Home and Industrial, Inc.,* 375 B.R. 912, 917 (10th Cir. BAP 2007) (quoting *In re Federated Dep't Stores, Inc.,* 43 Fed. Appx. 820, 822 (6th Cir. 2002). "The factors listed in the Advisory Note are not considered exhaustive, nor must a party demonstrate all of the factors, before the court may find a case to be fully administered." *Id.*

20. The *Union Home* court cited with approval *In re Paccor, Inc.,* Nos. 86-3251, 86-3552, C.A. 95-294, 1995 WL 355238, at *1 (E.D. Pa. June 13, 1995) for the proposition that entry of a final decree may be appropriate even when "payments under a settlement trust might take fifty years to complete, and the terms of the settlement required yearly reports to be filed with the bankruptcy court." *Id.* at 918.

21. In this case, the Reorganized Debtor has performed its obligations under the Plan, and the Reorganized Debtor does not anticipate any matters which would require the Court's intervention.

22. As a result, the Reorganized Debtor submits this case has been fully administered, and that entry of a final decree is appropriate.

WHEREFORE, the Reorganized Debtor respectfully requests entry of a final decree and order closing this case.

DATED this 29th day of September, 2017.

/s/ Douglas J. Payne
Gary E. Jubber
Douglas J. Payne
FABIAN VANCOTT
*Attorneys for Reorganized Debtor*

4843-3535-7265, v. 1